IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| JERRY PROBASCO AND FRANCES PROBASCO,<br><br>Plaintiffs,<br><br>v.<br><br>MFA INCORPORATED,<br><br>Defendant. | Case No.<br><br><br><br>**NOTICE OF REMOVAL** |

MFA Incorporated, by and through its undersigned counsel, hereby gives notice of the removal of this action pursuant to 28 U.S.C. § 1441(a) and Local Rule 81. For its short and plain statement of the grounds for removal, Defendant states as follows:

1. In this action, complete diversity exists and the amount in controversy exceeds $75,000. Plaintiffs are individuals residing in the State of Iowa at all material times referenced in the Petition. Defendant MFA Incorporated is a Missouri corporation with its principal place of business in Missouri and performs business as a foreign corporation in Iowa. Removal is in accordance with 28 U.S.C. § 1441(a), as this Court would have had diversity jurisdiction over this action under 28 U.S.C. § 1332(a), had Plaintiff filed its Petition with this Court. In accordance with 28 U.S.C. § 1446(b), MFA Incorporated timely filed this Notice of Removal within 30 days of receipt of service of Plaintiff's Petition.

2. Pursuant to 28 U.S.C. § 1441(a) and Local Rule 81(a)(1), MFA Incorporated is required to provide this Court with copies of all process, pleadings, and Orders filed in the State case. MFA Incorporated has reviewed the state court's electronic docket and determined that the following pleadings have been filed:

- Original Notice (filed 3/8/22)

- Petition and Jury Demand (filed 3/8/22)

- Return of Original Notice (filed 3/16/22)

3. Pursuant to Local Rule 81(a)(2), there are no motions pending in state court that will require resolution by this Court.

4. Pursuant to Local Rule 81(a)(3), counsel that has appeared in State Court on behalf of the Plaintiffs is Rick L. Lynch, 207 S. Washington, P.O. Box 129, Bloomfield, Iowa 52537.  Telephone 641-664-1997; Facsimile 641-664-3186; email: lynchlaw@netins.net

5. For its statement of facts pursuant to Local Rule 81(a)(4), demonstrating the jurisdictional requirements for removal, MFA Incorporated states as follows:

## **INTRODUCTION**

6. On March 8, 2022, Plaintiff commenced this action with the filing of a Petition and Jury Demand in the Iowa District Court for Appanoose County, Iowa. Plaintiff alleges that Defendant sprayed Plaintiff's soybeans with an herbicide containing the ingredient 2,4-D, thus killing most of Plaintiff's soybeans.

7. Defendant was served on or about March 15, 2022. In accordance with 28 U.S.C. § 1448(b), Defendant MFA Incorporated timely filed this Notice of Removal within 30 days of its receipt of service.

8. Under 28 U.S.C. § 1441(a), an action "of which the district courts of the United States have original jurisdiction" may be removed to federal court if a timely petition for removal is filed. Thus, the state court action may be removed to federal court if the federal court would have had diversity jurisdiction over the action under 28 U.S.C. § 1332(a) as of the time of the initial pleading and when the removal notice is filed. *Knudson v. Sys. Painters, Inc.*, 634 F.3d

968, 975 (8th Cir. 2011); 14B Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3723, at 695-700 (4th ed. 2009). Plaintiffs could have filed their Petition with this Court as complete diversity of citizenship existed and the amount in controversy exceeds $75,000.

## COMPLETE DIVERSITY EXISTS AS TO ALL PARTIES

9. Plaintiffs are individuals residing in the State of Iowa at all material times referenced in the Petition. *See* Petition and Jury Demand at ¶ 1. Defendant MFA Incorporated is a Missouri corporation with its principal place of business in Missouri and performs business as a foreign corporation in Iowa; 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state of its incorporation and in the state of its principal place of business). Complete diversity is present in this case where citizens of Iowa have sued a business in Missouri. *See* 28 U.S.C. § 1332(a)(1) (citizens of different states are diverse).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. The amount in controversy, under 28 U.S.C. § 1332, requires the sum or value of the lawsuit to exceed $75,000 for the district court to have original jurisdiction. The amount in controversy is to be judged at the time of the removal by considering the claims of the named plaintiff. *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1080 (8th Cir. 2003). The controlling issue is "not whether the damages are greater than the jurisdictional amount, but whether the fact finder must legally conclude they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

11. Plaintiffs' claims arise out of the Defendant's spraying of soybeans with herbicide allegedly not suitable for the type of soybeans planted, resulting is a complete loss of the sprayed soybeans. Plaintiffs claim damages for the loss of the soybeans, loss of profits, loss of earning potential, and other losses. Upon information and belief, Defendant

sprayed approximately 162 acres of soybeans.   Upon information and belief, the alleged loss of profits, combined with other alleged damages, exceeds $75,000, and thus the amount in controversy exceeds $75,000.

12.	Defendant MFA Incorporated reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, Defendant MFA Incorporated hereby removes the above captioned case from the Iowa District Court for Appanoose County, bearing Case Number EQEQ005590 to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

_____
Patrick D. Smith        AT0007392
Law Office of John M. Guthrie
Dept: D1-2W-0308
1100 Locust Street, Floor 2
Des Moines, IA 50391
Phone: (515) 508-6460
Direct: (515) 443-7081
Fax:    (877) 698-1826
Email: smitp78@nationwide.com

ATTORNEY FOR DEFENDANT

Original E-filed.
Copy via EDMS to:

Rick L. Lynch
Attorney at Law
207 S. Washington
P.O. Box 129
Bloomfield, Iowa 52537
Telephone: (641) 664-1997
Fax: (641) 664-3186B
lynchlaw@netins.net

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by E-File on April 7, 2022.

_____
sr

IN THE DISTRICT COURT OF IOWA IN AND FOR APPANOOSE COUNTY

| | |
|---|---|
| JERRY PROBASCO AND FRANCES PROBASCO Plaintiffs, vs. MFA INCORPORATED, Defendant. | **ORIGINAL NOTICE** NO: _____ |

TO THE ABOVE NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above Court, a Petition in the above-entitled action, a copy of which Petition is attached hereto. The Petitioner's attorney is Rick L. Lynch, whose address is 207 S. Washington, P.O. Box 129, Bloomfield, Iowa 52537.

You are further notified that unless, with twenty (20) days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter, file a motion or answer, in the Iowa District Court for Appanoose County, at the County Courthouse in Centerville, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(641)684-6502**. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF THE ABOVE COURT

_____

APPANOOSE COUNTY COURTHOUSE
CENTERVILLE, IOWA 52544

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

| | | |
|---|---|---|
| **Iowa Judicial Branch** | Case No. | **EQEQ005590** |
| | County | **Appanoose** |

Case Title   **JERRY PROBASCO AND FRANCES PROBASCO VS MFA INC**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(641) 684-6502**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued   **03/09/2022 08:29:32 AM**



District Clerk of Court or/by Clerk's Designee of   Appanoose   County
**/s/ Sara Oden**

IN THE DISTRICT COURT OF IOWA IN AND FOR APPANOOSE COUNTY

| | |
|---|---|
| JERRY PROBASCO AND FRANCES PROBASCO )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MFA INCORPORATED, )<br>Defendant. ) | **PETITION AT LAW AND JURY DEMAND**<br><br>NO: _____ |

COMES NOW Plaintiffs, Jerry Probasco and Frances Probasco, by and through their undersigned counsel, and for their petition against MFA Incorporated, states to the court as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Jerry Probasco and Frances Probasco (the "Probascos"), are individuals residing at 28731 315th Avenue, Moulton, IA 52572.

2. Defendant MFA Incorporated ("MFA") is a corporation incorporated under the laws of the state of Missouri with its principal place of business in Columbia, Missouri.

3. MFA does business as a foreign corporation in Iowa as MFA Incorporated.

4. This court has personal jurisdiction over the parties in this lawsuit.

5. This court, as a court of general jurisdiction, has subject matter jurisdiction over the claims asserted in this lawsuit because the amount in controversy exceeds the $6,500.00 jurisdictional limit established for small claims actions pursuant to Iowa Code 631.1

6. Venue is proper in this Court pursuant to Iowa Code Chapter 616.

## FACTS COMMON TO ALL COUNTS

7. The Probascos are the record title holders of the following described real property located in Appanoose County, Iowa (part of the "Property"):

1

>Beginning at the Southwest Corner, North 775', East 705', North 78 ½' to the South line of the C B & Q Railroad Right-of-Way, thence Southeast lying along the South side of the Railroad, to the East line of the Southwest Quarter of the Southwest Quarter (SW ¼ SW ¼), thence South about 319' to the South line of Section Four (4), thence West along said South line 1,314' to Beginning of Section Four (4); all in Township Sixty-seven (67) North, Range Sixteen (16) West of the 5th P.M.

8. Probasco Farms, L.L.C is the record title holder of the following real property located in Appanoose, County, Iowa, which the Probascos cash rent and farm (part of the "Property"):

>Tract 1: The South Half of the Northwest Quarter (S ½ NW ¼), the Northeast Quarter of the Southwest Quarter (NE ¼ SW ¼), the Southwest Quarter of the Northeast Quarter (SW ¼ NE ¼), and the Northwest Quarter of the Southeast Quarter (NW ¼ SE ¼), of Section Two (2); all in Township Sixty-seven (67) North, Range Sixteen (16) West of the 5th P.M.
>
>Tract 2: The West Half of the Southwest Quarter (W ½ SW ¼ ) of Section Two (2); the East Half of the Southeast Quarter (E ½ SE ¼ ) of Section Three (3); the North 15 acres of the Northeast Quarter of the Northeast Quarter (NE ¼ NE ¼ ) of Section Ten (10); and, the Northwest Quarter of the Northwest Quarter (NW ¼ NW ¼) of Section Eleven (11); all in Township Sixty-seven (67) North, Range Sixteen (16) West of the 5th P.M.

9. The Phyllis G. Brown Trust under trust agreement dated January 11, 2000, as amended, is the record title holder of the following described real property in Appanoose, County, Iowa, which the Probascos cash rent and farm (part of the "Property"):

>The Northeast Quarter of the Northwest Quarter of Section Nine (9) in Township Sixty seven (67) north Range Sixteen (16) West in Appanoose County, Iowa, except Railroad Right of Way containing forty acres more or less.

10. In the spring of 2021, the Probascos planted approximately 185 acres of Channel® XtendFlex® Soybeans on the Property (the "Soybeans").

2

11. Channel® XtendFlex® Soybeans are tolerable to herbicides containing the ingredients, dicamba, glyphosate, and glufosinate; however, they are not tolerable to herbicides containing the ingredient, 2,4-D.

12. Channel® does not sell soybeans that are tolerable to herbicides containing the ingredient, 2,4-D.

13. Shortly after the Probascos planted the Soybeans in the spring of 2021, the Probasco's grandson, Dalton Probasco, placed signs which displayed the word "Channel" along with the Channel® Seed logo along the outer boundaries of the Property. These signs were clearly visible to people passing by the Property and were intended to indicate that the soybeans planted on the Property were Channel®. Dalton Probasco placed one such sign at the gated field entrance to the Property owned by Probasco Farms, L.L.C.

14. On or about July 20, 2021, Jerry Probasco and MFA discussed what it would cost the Probascos to have MFA spray the Soybeans with the herbicides, Liberty and Roundup. During that discussion, MFA recommended that the Probascos spray the Soybeans with a residual herbicide. Jerry Probasco asked MFA what residual herbicide MFA recommended. MFA told Jerry Probasco that MFA commonly sprayed the residual herbicide, Warrant, along with the herbicides, Liberty and Roundup, and recommended that the Probascos do the same. At no point during their discussion did MFA inquire as to whether the Probascos planned to plant a cover crop on the Property after the Soybeans were harvested nor did MFA warn Jerry Probasco that if MFA sprayed the Soybeans with the residual herbicide, Warrant, that the Probascos would have very limited options as to what kind of cover crop they could plant on the Property as well as when they could plant it. At the end of their discussion, the Probascos orally agreed to purchase from MFA and MFA orally agreed to sell to the Probascos the herbicides, Liberty, Roundup, and Warrant, and to spray said herbicides on the Probascos' Soybeans.

15. On or about July 21, 2021, MFA sprayed herbicides on most of the Soybeans on the Property, including a herbicide containing the ingredient, 2,4-D. MFA planned to come back the next day to finish spraying the rest of the Soybeans.

16. When MFA returned the next day, on or about July 22, 2021, to finish spraying the rest of the Soybeans on the Property, MFA discovered that the Soybeans that MFA had sprayed the day before, were dying and notified the Probascos thereof.

17. Within a few days, almost all of the Soybeans that MFA had sprayed had died.

18. On or about July 26, 2021, the Probascos observed that the Channel seed sign that Dalton Probasco had placed at the gated field entrance to the Property owned by Probasco Farms, L.L.C., was missing.

19. Despite having knowledge that the Probascos' Soybeans were Channel® XtendFlex®, which cannot tolerate herbicides containing the ingredient 2,4-D, MFA sprayed the Soybeans with a herbicide containing the ingredient 2,4-D, thus killing almost all of the Soybeans sprayed.

20. MFA's act of spraying the residual herbicide, Warrant, on the Soybeans prevented the Probascos from planting their planned cover crop on the Property and caused them instead to have to plant a more expensive cover crop on the Property that was tolerate to the residual herbicide, Warrant.

21. The Probascos were only able to harvest approximately 36 acres of Soybeans which yielded an average of 46.13 bushels per acre.

## COUNT I
## BREACH OF CONTRACT

22. Paragraphs 1 through 21 are re-alleged and incorporated by this reference as if fully set forth herein.

23. On or about July 20, 2021, the Probascos orally agreed to purchase from MFA and MFA orally agreed to sell the Probascos the herbicides, Liberty, Roundup, and Warrant, and to spray said herbicides on the Probasco's Soybeans.

24. A contract existed between the Probascos and MFA for the sale and application of the herbicides, Liberty, Roundup, and Warrant, on the Soybeans.

25. MFA breached the contract by spraying a herbicide containing the ingredient, 2,4-D, on most of the Soybeans, which in turn, killed almost all of the Soybeans.

26. The Probascos performed the duties and obligations for which they were obligated under their contract with MFA.

27. As a result of MFA's breach of contract, the Probascos suffered damage to and loss of the Soybeans, loss of profits, loss of earning potential, and expenses of this action.

**WHEREFORE**, the Probascos pray for a judgment against MFA for the full, fair and reasonable amount of their damages together with interest as provided by law and the costs of this action.

## COUNT II
## NEGLIGENCE

28. Paragraphs 1 through 27 are re-alleged and incorporated by this reference as if fully set forth herein.

29. MFA owed the Probascos a duty to exercise the skill and knowledge normally possessed by members of its profession or trade in good standing in similar communities.

30. MFA breached its duty to exercise the skill and knowledge normally possessed by members of its profession or trade in good standing in similar communities when MFA failed to inquire as to whether the Probascos planned to plant a cover crop on the Property after the Soybeans were harvested or to warn Jerry Probasco that if MFA sprayed the Soybeans with the residual herbicide, Warrant, that the Probascos would have very limited options as to what kind of cover crop they could plant as well as when they could plant it.

31. MFA also breached its duty to exercise the skill and knowledge normally possessed by members of its profession or trade in good standing in similar communities when MFA sprayed most of the Soybeans with a herbicide containing the ingredient, 2,4-D, which in turn, killed almost all of the Soybeans.

32. The conduct of MFA was in willful, wanton or reckless disregard of the rights of the Probascos.

33. MFA's negligence was the proximate cause of the damages sustained by the Probascos.

34. As a proximate result of MFA's negligence, the Probascos sustained damage to and loss of the Soybeans, loss of profits, loss of earning potential, additional expense for a more expensive cover crop, and expenses of this action.

**WHEREFORE**, the Probascos pray that judgment be entered against MFA for an amount that will compensate them for their damages together with punitive damages, and interest as provided by law and the costs of this action.

5

## COUNT III
## BREACH OF WARRANTY

35. Paragraphs 1 through 34 are re-alleged and incorporated by this reference as if fully set forth herein.

36. On or about July 20, 2021, the Probascos orally agreed to purchase from MFA and MFA orally agreed to sell the Probascos the herbicides, Liberty, Roundup, and Warrant, and to spray said herbicides on the Soybeans on the Property.

37. At the time of such sale and application, MFA knew of the particular purpose for which the Probascos required the goods, specifically, that the herbicides, Liberty, Roundup, and Warrant, were being purchased by the Probascos for the prevention and elimination of weeds in the Soybeans and that the Probascos were relying on MFA's skill or judgment to select or furnish suitable goods for that purpose.

38. MFA sprayed most of the Soybeans with a herbicide containing the ingredient, 2,4-D, which in turn, killed almost all of the Soybeans.

39. The product supplied by MFA was not fit for the particular purpose for which the Probascos required the goods.

40. As a result of MFA's breach of warranty, the Probascos suffered damage to and loss of the Soybeans, loss of profits, loss of earning potential, and expenses of this action.

**WHEREFORE**, the Probascos pray that judgment be entered against MFA for an amount that will compensate them for their damages together with interest as provided by law and the costs of this action.

## JURY DEMAND

The Probascos demand a trial by jury in this matter.

/s/ Rick L. Lynch
Rick L. Lynch
Attorney at Law
207 S. Washington
P.O. Box 129
Bloomfield, Iowa 52537
Telephone: (641) 664-1997
Fax: (641) 664-3186
E-mail: lynchlaw@netins.net

ATTORNEY FOR PLAINTIFF

/s/ Jerry Probasco
Jerry Probasco, Plaintiff

/s/ Frances Probasco
Frances Probasco, Plaintiff



**POLK COUNTY SHERIFF'S OFFICE** — **SHERIFF KEVIN J. SCHNEIDER**

Civil Division | 222 – 5th Avenue Des Moines, IA, 50309  Sheriff's Office (515) 286-3940 | Fax (515) 286-3410

# RETURN OF SERVICE
In the IA District Court for APPANOOSE COUNTY COURT

| JERRY PROBASCO | VS | MFA INCORPORATED |
|---|---|---|

Sheriff #: 22007949
Case #: EQEQ005590
Received: 3/14/2022
Service Number: 124331

**STATE OF IOWA POLK COUNTY } §**

I certify that I served a copy of:
X ONP/Jury Demand

On: 3/15/2022 8:40:00 AM
To: MFA INCORPORATED by delivering a copy to VICKI
    a person at least 18 years of age described as SECRETARY
Manner Served: COMPANY REPRESENTATIVE
Address of Service: 505 5th Ave STE 729 REG AGENT CORP SERVICE CO, Des Moines, IA 50309
Notes: Served company rep Vicki Reed

**Attempts**

Date: 3/15/2022 8:40:00 AM
Address: 505 5th Ave STE 729 REG AGENT CORP SERVICE CO, Des Moines, IA 50309
Note: SERVED COMPANY REP VICKI REED

| **FEES** | |
|---|---|
| Total: **$61.17** | Kevin J Schneider, Sheriff of Polk County, Iowa |
| | *[signature]* |
| | Deputy/Server: Patrick McIlhon |

Entered by Janet Lose - 3/16/2022 8:34:26 AM.